# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

GLEN ERIC NELSON, JR.                                                        PETITIONER

v.                              NO. 5:14-cv-00251 DPM/HDY

LARRY NORRIS, Interim Director of the                           RESPONDENT
Arkansas Department of Correction[1]

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States

District Judge D. P. Marshall Jr. Any party may serve and file written objections to these

findings and recommendation. Objections should be specific and should include the

factual or legal basis for the objection. If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection. An original and one

copy of your objections must be received in the Office of the United States District Court

Clerk no later than fourteen (14) days from the date of the findings and recommendation.

The copy will be furnished to the opposing party. Failure to file timely objections may

result in a waiver of the right to appeal questions of fact.

---

[1]

The undersigned takes judicial notice of the fact that Larry Norris is now the Interim Director of
the Arkansas Department of Correction.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

<u>RECOMMENDATION</u>

<u>STATE AND FEDERAL PROCEEDINGS</u>. The record reflects that petitioner Glen Eric Nelson, Jr., was convicted in an Arkansas state trial court of murder in the second degree in case number CR-2010-489 and sentenced to the Arkansas Department of Correction. Petitioner appealed his conviction and raised the following three claims: (1) the state trial court judge erred when he "refus[ed] to suppress [Petitioner's] confession and test results obtained from his clothing because probable cause was lacking for his arrest," (2) the state trial court judge erred when he "fail[ed] to find that [Petitioner's] confession was involuntary," and (3) the state trial court judge erred when he "refus[ed] to admit the favorable results of a voice-stress test." See <u>Nelson v. State</u>, 2013 Ark. App. 421, 2013 WL 3282946 at 1 (2013). The Arkansas Court of Appeals found no reversible error and affirmed Petitioner's conviction.

Petitioner then filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. In the petition, he challenged his conviction and raised the following six claims: (1) his conviction was obtained by the use of evidence acquired following his unlawful arrest, (2) his confession was coerced, (3) the prosecutor engaged in misconduct, (4) Petitioner was denied a fair and impartial trial, (5) his appellate attorney provided constitutionally inadequate representation, and (6) Petitioner's privilege against self-incrimination was violated. The state trial court judge denied the petition, and Petitioner did not appeal the denial of his petition.

Petitioner then commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he again challenged his conviction and raised the following five claims: (1) his trial attorney was ineffective because counsel represented Petitioner and Petitioner's cousin, an alleged co-defendant who eventually "turned as an informant for the state to get his charges dismissed," see Pleading 2 at 4; (2) counsel was ineffective because he hid a co-defendant's identity, thereby causing the co-defendant's trial to be postponed; (3) counsel was ineffective in defending Petitioner on a charge of being a felon in possession of a firearm, a charge that was later dismissed; (4) police officers lacked probable cause to arrest Petitioner; and (5) the state trial court judge erred when he did not suppress Petitioner's confession.

Respondent Larry Norris ("Norris") filed a response to the petition and asked that it be dismissed. Norris maintained in his response that Petitioner's first three claims are procedurally barred from federal court review, and his fourth and fifth claims are "not cognizable in a federal habeas petition under Stone v. Powell, 428 U.S. 465 (1976)." See Pleading 8 at 3.

Petitioner filed a reply to Norris' submission, but the reply was not particularly responsive to Norris' submission. Petitioner did, however, file a motion for leave to amend his petition. The undersigned conditionally granted the motion, subject to Petitioner's submission of an amended petition setting forth all of his claims. Petitioner eventually filed an amended petition and raised the following four claims: (1) Petitioner's trial attorney labored under a conflict of interest when counsel represented both

-4-

Petitioner and a co-defendant, a co-defendant who became an informant for the state in CR-2010-489; (2) the state trial court judge erred when he found that there was probable cause to arrest Petitioner, thereby permitting illegally seized evidence to be admitted at trial; (3) the state trial court judge erred when he refused to suppress Petitioner's confession; and (4) Petitioner was denied a fair trial when the state trial court judge refused to admit the results of a voice stress test.

Norris filed a response to Petitioner's amended petition. In the response, Norris maintained that both Petitioner's initial petition and amended petition should be dismissed because the claims contained in the petitions are either procedurally barred from federal court review or are not cognizable.

Petitioner filed a reply to Norris' submission. In the reply, Petitioner noted, inter alia, that he only raised three claims in his amended petition, not four. He identified the three claims as a challenge to counsel's alleged conflict of interest, a challenge to the probable cause to support the arrest, and a challenge to the admission of the confession. Petitioner made no mention of his challenge to the state trial court judge's refusal to admit the results of the voice stress test.

Having thoroughly reviewed the record in this case, and for the reasons that follow, the undersigned finds that Petitioner's claims warrant no relief. The undersigned therefore recommends that his petition be dismissed. All requested relief should be denied, and judgment should be entered for Norris. The undersigned additionally recommends that a certificate of appealability be denied.

COUNSEL'S REPRESENTATION. Petitioner maintains that his trial attorney provided constitutionally inadequate representation and, liberally construing Petitioner's pro se submissions, offers three reasons why. Petitioner first maintains that counsel labored under a conflict of interest because counsel represented both Petitioner and a co-defendant, a co-defendant who became an informant for the state in CR-2010-489.

Petitioner did not raise the claim in the state courts of Arkansas. The appropriate place for him to have done so was in his Rule 37 petition, but the record reflects that he did not raise the claim in that petition. The federal courts will not consider a claim if the petitioner was aware of it but failed to first present it to the state courts in accordance with the state's procedural rules. See Wainwright v. Sykes, 433 U.S. 72 (1977). The exception to this rule permits the claim to be considered if the petitioner can show cause for his default. Because there is nothing to suggest that Petitioner did not know of the claim at the time he filed his Rule 37 petition, the claim is defaulted. It is barred from federal court review unless he can show cause for his default.

Petitioner makes two assertions of cause. He first maintains that his Rule 37 petition was improperly addressed on the merit but should have instead been denied without prejudice as improperly filed. Second, he maintains that he was never notified his Rule 37 petition had been denied. Assuming that Petitioner is correct regarding both matters, they do not provide the cause necessary to excuse his default. His assertions of cause do not satisfactorily explain why he did not raise the claim in his Rule 37 petition. His claim is therefore barred from federal court review.

Notwithstanding the foregoing, the undersigned has considered whether the United States Supreme Court decision in <u>Martinez v. Ryan</u>, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), has some application in the case at bar.[2] For the reasons that follow, the undersigned finds that the decision has no application because Petitioner's claim of a conflict of interest is not a "substantial claim of ineffective assistance at trial."

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the United States Supreme Court established a two-part test for reviewing a challenge to an attorney's representation. The petitioner must show that counsel's performance fell below an objective standard of reasonableness, and the petitioner must also show prejudice, that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See <u>Cochran v. Dormine</u>, 701 F.3d 865, 869 (8th Cir. 2012).

The United States Supreme Court has, though, recognized an exception to the <u>Strickland v. Washington</u> test. It is when counsel labors under a conflict of interest. The specific parameters of the exception are as follows:

... Counsel is ineffective where "the defendant's attorney actively

---

[2]

In <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991), the Supreme Court held that ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse a procedural default. In <u>Martinez v. Ryan</u>, the Supreme Court announced the following "narrow exception" to the holding in <u>Coleman v. Thompson</u>:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

See <u>Martinez v. Ryan</u>, 132 S.Ct. at 1320.

represented conflicting interests." ... Where the trial court forces defense counsel "to represent co-defendants over his timely objection" without determining that no conflict of interest exists, reversal is automatic. ... "[A]bsent objection, a defendant must demonstrate that 'a conflict of interest actually affected the adequacy of his representation.'" [Citations omitted]. A defendant who makes such a showing "need not demonstrate prejudice in order to obtain relief." ...

See <u>Williams v. Ludwick</u>, 761 F.3d 841, 845-846 (8th Cir. 2014) [citations omitted].

Petitioner was charged in CR-2010-489 with the murder of April Stephens ("Stephens"). Petitioner alleges that another person was charged as a co-defendant in CR-2010-489, but Petitioner has failed to identify that person. In Petitioner's initial petition, he alleged that the co-defendant was his cousin. See Document 2 at 4. Elana Perkins ("Perkins") testified at trial that Joseph Nelson is Petitioner's cousin and that, shortly after the shooting, Perkins gave Joseph Nelson the firearm the authorities believe to have been used to shoot Stephens. See Document 8, Exhibit A1 (part 1) at ABS 125-127.[3] The undersigned assumes that Joseph Nelson was charged with a criminal offense for his involvement in the events surrounding Stephens' murder. There is no evidence, though, that Petitioner's attorney also represented Joseph Nelson. Assuming counsel represented both men, there is no evidence that Petitioner or his attorney objected to the dual representation. For that reason, Petitioner must show that a conflict of interest actually affected the adequacy of counsel's representation.

---

[3]

Norris did not file a copy of the trial transcript. Instead, he filed a copy of the abstract prepared by Nelson in connection with his direct appeal. See Document 8, Exhibit A-1 (parts 1 and 2).

Petitioner has failed to show that a conflict of interest affected the adequacy of counsel's representation. The undersigned so finds for two reasons. First, Petitioner has alleged virtually no facts to support his claim. Petitioner has failed to explain what information Joseph Nelson may have provided law enforcement authorities, what his defense may have been, or how it conflicted with the defense offered by Petitioner. Petitioner has also failed to explain what strategy or tactic counsel failed to pursue because of his assumed dual representation. See Williams v. Ludwick, supra (petitioner must show counsel's failure to pursue strategy or tactic was linked to actual conflict).

Second, there is no evidence that counsel labored under a conflict of interest. Petitioner was tried alone for Stephens' murder, did not testify at trial, and offered no witnesses in his defense. It appears that his defense was simply that he did not shoot Stephens. See Document 8, Exhibit A1 (part 1) at ABS 70-74, 152-166. Joseph Nelson did not testify at trial so it is impossible to know what information he had relevant to Stephens' murder. The undersigned has examined the abstract of Petitioner's trial and can find nothing to suggest that his defense was impaired in any way by counsel's assumed dual representation.

Liberally construing Petitioner's pro se submissions, it is not impossible that he actually meant to identify Perkins as his co-defendant. She testified at trial that she had been a suspect in Stephen's murder and was arrested for hindering apprehension for her part in the events surrounding Stephens' murder. See Document 8, Exhibit A1 (part 1) at ABS at 126-127, 130-133.

-9-

Assuming Perkins was whom Petitioner meant to identify, he has failed to show that a conflict of interest affected the adequacy of counsel's representation. The undersigned so finds because Petitioner has alleged virtually no facts to support his claim. There is no evidence counsel represented both Petitioner and Perkins. Assuming counsel did, Petitioner has failed to explain how his defense conflicted with the defense offered by Perkins or explain what strategy or tactic counsel failed to pursue because of his assumed dual representation. The undersigned has nevertheless examined the abstract of the trial and can find nothing to suggest that Petitioner's defense was impaired in any way by counsel's assumed dual representation.

Liberally construing Petitioner's pro se submissions, he offers a second reason why his trial attorney was ineffective. Petitioner maintains that counsel hid a co-defendant's identity, thereby causing the co-defendant's trial to be postponed.

Setting aside the question of whether the claim is procedurally barred from federal court review, Petitioner's claim warrants no relief because he has alleged virtually no facts to support the claim. He has failed to identify the co-defendant, and there is no evidence counsel hid the co-defendant's identity. Assuming the co-defendant was either Joseph Nelson or Perkins, and counsel obtained a postponement, Petitioner has not shown how his defense was prejudiced by the postponement.

Liberally construing Petitioner's pro se submissions, he offers a third reason why his trial attorney was ineffective. Petitioner maintains that counsel was ineffective in defending Petitioner on a charge of being a felon in possession of a firearm.

Setting aside the question of whether the claim is procedurally barred from federal court review, Petitioner's claim warrants no relief. Petitioner maintains that counsel was ineffective because he demanded a trial for Petitioner on the charge of being a felon in possession of a firearm when there was no evidence to support the charge. Assuming it was error for counsel to have demanded a trial on the charge, Petitioner can show no prejudice as the charge was, by his own admission, dismissed. In addition, he has failed to show that counsel's allegedly inadequate representation on the charge prejudiced the defense Petitioner offered in connection with Stephen's murder.

PROBABLE CAUSE FOR NELSON'S ARREST. Petitioner next maintains that he was arrested without probable cause. Specifically, he maintains in his amended petition that police officers lacked probable cause to arrest him without a warrant, and the officers failed to complete, sign, and file appropriate affidavits.

Petitioner's claim warrants no relief for at least two reasons. First, federal court review of the claim is precluded by Stone v. Powell, 428 U.S. 465 (1976) (Fourth Amendment claim not cognizable if state afforded petitioner full and fair opportunity to litigate claim).[4] The State of Arkansas afforded Petitioner a full and fair opportunity to litigate the propriety of his arrest, and he took advantage of that opportunity by raising the claim. His efforts were simply unsuccessful as both the state trial court judge and the state appellate court rejected the claim.

---

[4] There are two instances in which a Fourth Amendment claim may be cognizable in a habeas corpus proceeding, see Willett v. Lockhart, 37 F.3d 1265 (8th Cir. 1994), but the instances are not applicable.

Second, the state Court of Appeals rejected Petitioner's challenge to his arrest, and the adjudication of the claim is entitled to deference and is adopted by the undersigned.[5] The adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. 2254(d).[6] The facts as found by the state Court of Appeals establish that there was probable cause for Petitioner's initial arrest.

---

[5]

The undersigned will not reproduce the state Court of Appeal's full adjudication of the claim, save to note that Petitioner was initially arrested for obstructing governmental operations and the following facts support the findings that his arrest was not improper:

A person commits the offense of obstructing governmental operations if he knowingly obstructs, impairs, or hinders the performance of any governmental function. Ark.Code Ann. § 5-54-102(a)(l) (Supp.2011). Here, the interview of witnesses at the scene of a shooting was unquestionably a legitimate governmental function, and [Petitioner's] disruption of these interviews three times in a matter of moments provided probable cause for his arrest on this charge. Although [Petitioner] argues that he was in fact detained soon after 2:00 a.m. when Officer Colton asked him to remain until a detective arrived, we think that [Petitioner's] compliance with this request was voluntary and that no seizure occurred until Detective Boyd told [Petitioner] at approximately 2:30 a.m. that he would need to speak with [Petitioner] before he left. … However, this was not an unlawful seizure: Rule 3.5 of the Arkansas Rules of Criminal Procedure permits a law enforcement officer to detain, for a reasonable time up to fifteen minutes, a person found at the scene of a felony who is reasonably believed to be a witness in order to obtain any information that the person may have regarding the offense. [Petitioner] had previously volunteered that he heard the shot, and, by the time that Detective Boyd directed [Petitioner] to remain until questioned, it was known that the victim had been in [Petitioner's] apartment immediately before the shooting. Under the circumstances presented here, we hold that [Petitioner] was not illegally detained or arrested …

See Nelson v. State, 2013 WL 3282946 at 2.

[6]

Two additional notes are in order. First, Petitioner challenges the admission of evidence seized following his initial arrest. His claim has no merit as his arrest for obstructing governmental operations was not improper, and the authorities could seize his belongings as a part of his arrest. Last, his challenge to the adequacy of the affidavits is without merit and does not affect the legality of his initial arrest.

PETITIONER'S CONFESSION. Petitioner next maintains that although he confessed to shooting Stephens, his confession was coerced. He maintains that he confessed only because the police officers conducting the interrogation made mention of Perkins' children, and the officers knew Petitioner loved children.

Petitioner's claim warrants no relief for at least two reasons. First, the state Court of Appeals rejected Petitioner's challenge to his confession, and the adjudication of the claim is entitled to deference and is adopted by the undersigned.[7] The adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or result in a decision that was based on an unreasonable

---

[7]

The undersigned will not reproduce the state Court of Appeal's full adjudication of the claim, save to note that the following facts support the finding that his confession was voluntarily given:

... [Petitioner] was jailed in the early morning hours of April 30, 2010, and was interviewed by detectives later that afternoon. He was given Miranda warnings, did not request an attorney, and did not implicate himself in the shooting. [Petitioner] was interviewed by the same detectives a second time on May 4; he was again given Miranda warnings, did not request an attorney, and did not implicate himself in the shooting. The official misconduct during these interviews consisted of failing to return [Petitioner] to his cell on several occasions when he plainly intended to stop the questioning and of vague suggestions that it would benefit [him] to tell his story to the detectives. Nevertheless, [Petitioner] made no incriminating statements during either the April 30 or May 4 interview; instead, while in his cell on May 5, [Petitioner] told a jail deputy that he wanted to speak to the detectives again. He did so, was again Mirandized, and gave a statement admitting that he shot the victim. Given that six days elapsed between [Petitioner's] arrest and his confession; that he was not continuously in the company of police officers from his arrest to his confession; that he was afforded counsel and had been visited by friends and family members; that [Petitioner] himself initiated the contact with the detectives that culminated in his confession; and that, in the course of his confession, [Petitioner] acknowledged that he knew that the detectives had no influence on the charges to be brought or the penalty to be imposed, we think that [Petitioner's] confession was sufficiently attenuated from the relatively minor misconduct that the trial court did not clearly err in finding that [Petitioner's] confession was voluntarily given. ...

See Nelson v. State, 2013 WL 3282946 at 2.

determination of the facts in light of the evidence presented. <u>See</u> 28 U.S.C. 2254(d). The facts as found by the state Court of Appeals do not establish that the police officer conducting the interrogation used inappropriate physical or psychological methods to overbear Petitioner's will.

Second, although the reason offered by Petitioner for challenging the voluntariness of his confession was not presented to the state Court of Appeals and is likely barred from federal court review, the new reason does not justify re-examining the voluntariness of his confession.[8] Although it may be possible that incorporating the names of children into a series of questions during an interrogation might cause a confession to be involuntary, it was not so in this instance. As the undersigned has found, the facts as found by the state Court of Appeals do not establish that the police officer conducting the interrogation used inappropriate physical or psychological methods to overbear Petitioner's will.

<u>THE RESULTS OF THE VOICE STRESS TEST</u>. Petitioner last maintains that he was denied a fair trial when the state trial court judge refused to admit the results of a voice stress test. Although the basis of Petitioner's claim is not clear, it appears that he believes a voice stress test would have shown his confession was given under duress.

---

[8]

On direct appeal, Petitioner maintained that the police officers conducting the interrogation refused to "return [him] to his cell on several occasions when he plainly intended to stop the questioning and of vague suggestions that it would benefit [him] to tell his story …" <u>See</u> <u>Nelson v. State</u>, 2013 WL 3282946 at 2. In challenging his confession in the case at bar, Petitioner maintains that the officers made mention of Perkins' children, and the officers knew he loved children.

Petitioner's claim warrants no relief. The state Court of Appeals rejected Petitioner's challenge to the admission of the voice stress test on the basis of state law.[9] Assuming that the adjudication of the claim is not entitled to deference because it was made solely on the basis of state law, Petitioner has failed to show that the state trial court judge's ruling was so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infected the trial and failed to afford Petitioner the fundamental fairness which is the essence of due process. See Maggitt v. Wyrick, 533 F.2d 383 (8th Cir. 1976).

Given the foregoing, the undersigned finds that Petitioner's claims warrant no relief. It is recommended that his petition be dismissed, all requested relief be denied, and judgment be entered for Norris. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, a certificate of appealability should also be denied.

---

[9]

As to the admission of the voice stress test, the state Court of Appeals found the following:

... [Nelson] argues that the trial court erred in refusing to admit into evidence the results of a favorable voice-stress test. The decision to admit or exclude evidence is within the sound discretion of the trial court, and we will not reverse a trial court's decision on the admission of evidence absent a manifest abuse of discretion. ... We find no such abuse. Pursuant to Ark.Code Ann. 12-12-704 (Repl.2009), the results of such psychological stress evaluations "shall be inadmissible in all courts in this state." The only exception to this rule occurs when both parties stipulate to the admissibility of the psychological-stress test results in writing. ... In the absence of such a stipulation, the trial court properly refused to admit the test results into evidence.

See Nelson v. State, 2013 WL 3282946 at 3.

DATED this ___10___ day of December, 2014


_____
UNITED STATES MAGISTRATE JUDGE